**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

| | |
|---|---|
| NANCY DRAKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: _____ |
| | ) |
| | ) |
| McDONALD'S (BROWNSVILLE, TN | ) |
| FRANCHISEE) | ) |
| | )          JURY TRIAL |
| | ) |
| Defendant. | ) |

**COMPLAINT**

Plaintiff, NANCY DRAKE, by and through her attorneys, alleges for her Complaint as follows:

**I. INTRODUCTION**

1.      Plaintiff brings this action against McDONALDS, a franchise located in Brownsville, Tennessee, for legal relief to redress unlawful violations of Plaintiff's rights under the Family Medical Leave Act ("FMLA" or "the Act"), 29 U.S.C. §§ 2601, *et seq.*

**II. THE PARTIES**

**A. THE PLAINTIFF**

2.      Plaintiff, NANCY DRAKE, currently resides in Brownsville, Tennessee and is a citizen of the United States.

3.      At times relevant hereto, Plaintiff was an FMLA "eligible employee," specifically under 29 U.S.C. Section 2611(2)(A), i.e. one who worked more than 1,250 hours in the 12 month period preceding her qualifying leave.

## B. THE DEFENDANT

4.      Defendant is a franchisee, believed to be owned by Logan and Jennifer Collier, with a

"McDonalds" located within the Western District of Tennessee, at 2586 Anderson Road, and is

an employer within the provisions of the FMLA, specifically under 29 U.S.C. Section

2611(4)(A).

5.      Defendant has 50 or more employees within 75 miles of the Brownsville location, alone

or including other locations of the same ownership in Bolivar, Tennessee and/or Savannah,

Tennessee.

6.      At all times material to this action, Defendant has been engaged in commerce as defined

by § 2611(1) of the FMLA.

7.      The Defendant is bound by the rules and regulations of the Family and Medical

Leave Act.

## III. JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §

1331 (federal question jurisdiction).

9.      Venue is proper in the Western District of Tennessee under 28 U.S.C. §1391(b)-(c).

## IV. FACTS

10.     Plaintiff, a cashier employed by Defendant, has a "chronic serious health condition,"

alone or in combination with multiple diagnoses, as that phrase of art is defined by the FMLA.

Specifically, Plaintiff was incapacitated, and required period visits with a health care provider, in

April, May, June, and July—an "extended period of time"—for consistent treatment of, *inter*

*alia,* bilateral otitis media (inner ear infections), bronchitis, and pharyngitis, along with courses

of prescription medications.  Additionally, in 2012, Plaintiff required absences for a seizure disorder and, at times, for depression.

11.     Plaintiff always made known her illness and, when unable to work, would timely advise Defendant.  Defendant's practice was to allow Plaintiff to be off and to require Plaintiff to bring a doctor's note upon her return to reflect the medical-related nature of the absence.  Defendant did not request an FMLA certification be completed.

12.     On or about June 13, 2012, Plaintiff again experienced incapacitating illness due to bronchitis and pharyngitis.  Plaintiff timely advised Defendant of her situation and obtained medical treatment that same day.  As per the norm, Defendant's manager advised Plaintiff to bring her doctor's note upon her return.

13.     Plaintiff's physician prescribed a course of medication for Plaintiff, and took her off work for June 13 and 14, with a return date of June 15, 2012.

14.     Plaintiff timely reported to work on June 15, 2012 and presented her doctor's note as she had been requested.  However, the acting manager advised Plaintiff that the store manager, Brenda Reed, had instructed that she not be allowed to clock in, and that Ms. Reed would speak to her the following morning.

15.     The following morning, June 16, 2012, Plaintiff did speak to Ms. Reed and informed her of the illness and her doctor's note.  However, Ms. Reed advised Plaintiff that Plaintiff now had "too many absences" and she was, therefore, terminated, and the medical nature of the termination was irrelevant.

16.     The termination has cost Plaintiff her job, its wages, and benefits.  She seeks those damages, liquidated damages, and her attorneys fees and costs.

**V. COUNT ONE—FMLA INTERFERENCE**

17.     Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1-16 herein. By its actions alleged herein, Defendant violated the provisions of Section 2615(a)(1) of the FMLA by interfering with, restraining and/or denying Plaintiff the exercise of or the attempt to exercise her rights under the FLMA.  Defendant did not grant Plaintiff the protection of the FMLA for her absences and denied her job restoration.

## VI. COUNT TWO  – FMLA RETALIATION

18.     Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1-16 herein.  By its actions alleged herein, Defendant violated the provisions of Section 2615(a)(2) of the FMLA by, admittedly, discharging and/or unlawfully discriminating against the Plaintiff for exercising what amounts to FMLA-protected absences under the FMLA or FMLA qualifying absences from the past.

## VIII. PRAYER FOR RELIEF

19.     WHEREFORE, the Plaintiff prays for the following relief:

A.      That proper process issue along with a copy of this complaint requiring the Defendants to appear and answer;

B.      That Plaintiff be awarded damages in the amount of any wages, salary, employment benefits or other compensation, including, but not limited to back pay and front pay (or reinstatement), plus an equal amount of liquidated damages and/or prejudgment interest;

C.      Any actual monetary loss sustained by the Plaintiff, plus an equal amount of liquidated damages and/or prejudgment interest;

D.      Reasonable attorneys' fees;

E.      The costs and expenses of this action;

F.     Such other legal and equitable relief to which Plaintiff may be entitled; and

G.     Plaintiff further demands a Jury to try this cause.

Respectfully submitted,

GILBERT RUSSELL McWHERTER, PLC
s/Justin S. Gilbert
Justin S. Gilbert (TN Bar No. 017079)
Jonathan L. Bobbitt (TN Bar No. 23515)
Jessica F. Salonus (TN Bar No. 28158)
101 North Highland Ave
Jackson, TN 38301
Telephone: 731-664-1340
Facsimile: 731-664-1540
jgilbert@gilbertfirm.com
jbobbitt@gilbertfirm.com
jsalonus@gilbertfirm.com

ATTORNEYS FOR PLAINTIFF